### PEOPLE ex rel. BARKER v. STRINGER.

(Supreme Court, Appellate Division, First Department. December 30, 1905.)

1. BASTARDY—CONSENT ORDERS FOR SUPPORT—AUTHORITY OF COURT.

The court, pursuant to the stipulation of the parents of an illegitimate child entered an order directing that the child should be maintained at a designated Catholic institution or some other Catholic institution selected by the court. The designated institution refused to receive the child, and the mother requested the court to select a certain Catholic institution which had agreed to receive the child and which was of the character of the institution designated in the order. The father made no objection to the institution suggested. *Held*, that the court, having entered the order at the request of the parents, neither of them could object to its being enforced, and it would designate the institution suggested as one proper to receive and maintain the child.

2. SAME.

Though the original order required the father to pay for the maintenance of the child at the institution designated therein or at the institution selected by the court, the court, in selecting an institution for the child, could not require the father to give security for the payment of the charges made by the institution for the support of the child while there.

Appeal from Special Term, New York County.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

William P. Maloney, for appellant.
Abraham C. Cohen, for respondent.

McLAUGHLIN, J. This is an appeal from an order which denied a motion made by the appellant to have the court designate the Star of the Sea Academy, a Roman Catholic institution, as one in which to place an illegitimate child, and to compel the relator to give security for the payment of the amount charged by such institution for the care,

maintenance, and education of such child while there. The papers used upon the motion resulting in the order here appealed from are the same as those used upon a motion to punish the relator for contempt, which was denied, and the order appealed from affirmed and decided herewith, with the exception that here papers are presented showing that the institution which the appellant sought to have the court designate as one in which to place the infant was a Catholic institution of the character specified in the previous order of the court, and that the authorities in charge of such institution had consented to receive the child. Under the previous order of the court the child was directed to be placed in the Convent of the Sacred Heart or in such other Roman Catholic institution as the court might designate. The moving papers show, and the fact is not denied in the answering papers thereto, that on or about the 19th of April, 1905, a bill was introduced in the Legislature of the state to legitimize the child, which was passed and subsequently vetoed by the Governor; that this effort to legitimize the child attracted much attention, by reason of which the appellant had been unable to get the child into any Roman Catholic institution; and that she therefore asked the court to designate, by its order, the institution above referred to. The motion was denied, and she has appealed.

I think the motion should have been granted. The dispute between the parties as to the right to the custody of the child was finally settled by their submitting themselves to the jurisdiction of the court asking it to direct that the child be placed in the Convent of the Sacred Heart or some other Roman Catholic institution to be designated by the court. The papers show that the mother of the child is unable to get her into the Convent of the Sacred Heart for the reason above stated, and no reason is suggested, upon that fact being presented to the court, why it should not designate some other institution. The papers used upon the motion showed that the Star of the Sea Academy is a Roman Catholic institution of the kind and character specified in the order. Indeed, the relator makes no objection to the institution. The consent of the institution to receive the child is presented. There seems to be no good reason, therefore, why the court should not have designated that institution as one proper to receive, care for, educate, and maintain the child.

The propriety or advisability of the court making the original order requiring the child to be placed in an institution of this character is not now before us. That order was made with the approval of the relator and upon the motion of his counsel. Having asked the court to exercise its jurisdiction as specified in that order, and it having done so, he cannot be heard to say that the order cannot be enforced. The interest of the child is at least equal, if not paramount, to his interest. The appellant, however, was not entitled to have him give security for the payment of the charge made by such institution while the child remains there. The order requires him to pay for the care, education, and maintenance of the child while she there remains, and, if he does not comply with the order by doing so, then he may be punished for contempt, but the presumption is that such proceeding will be unnecessary; that the court having designated an institution in which to put the child, and the appellant having placed the child therein, in pursuance

of such order, the relator will then comply with the previous order of the court.

The order appealed from, therefore, must be reversed, with $10 costs and disbursements, and the motion granted to the extent herein indicated, with $10 costs. All concur.

---

(110 App. Div. 364.)

PEOPLE ex rel. BARKER v. STRINGER.

(Supreme Court, Appellate Division, First Department. December 30, 1905.)

1. BASTARDS—ORDER FOR SUPPORT—VIOLATION OF ORDER.

The court, pursuant to the stipulation of the parents of an illegitimate child, ordered that the expenses of maintaining the child at a designated institution, or at some other institution selected by the court, should be paid by the father. Subsequently the parents agreed that the child should be placed in some other institution, and the father failed to pay for its support there. *Held*, that the father could not be punished for contempt, and, until the child was placed either in the institution designated or some other institution selected by the court, the fact of his refusal to pay for its support could not be made the basis of a proceeding to punish him for contempt.

2. SAME—RIGHT TO DISOBEY ORDER.

Where the parents of an illegitimate child voluntarily submitted themselves to the jurisdiction of the court and united in asking it to make an order for its maintenance at the expense of the father, which the court did, the father had no right to disobey the order.

3. SAME—PERSON ENTITLED TO ENFORCE ORDER.

The court, pursuant to the stipulation of the parents of an illegitimate child, ordered that the expenses of maintaining the child at a designated institution, or some other institution selected by the court, should be paid by the father, and that he should pay to the mother's counsel a specified sum. *Held*, that until the mother complied with order by delivering the custody of the child to the proper institution she could not compel the father to pay the amount specified, or in default thereof punish him for contempt.

Appeal from Special Term, New York County.

Proceedings by the people, on the relation of Charles Bell Barker, against Adelia Gertrude Stringer. From an order denying a motion to punish relator for contempt, defendant appeals. Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

William P. Maloney, for appellant.
Abraham C. Cohen, for respondent.